**Cox, Amanda et al v. Rowe and Hamilton LLC et al**

**Exhibit A
To
NOTICE OF REMOVAL**

*Complaint and Civil Cover Sheet*

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br>1777 Sixth Street<br>Boulder, CO 80302<br>303-441-3750 | DATE FILED: October 16, 2013 4:38 PM<br>FILING ID: B33F97FA31AC2<br>CASE NUMBER: 2013CV31512 |
| **Plaintiffs**: AMANDA and JEREMY COX, individually and as parents of JACKSON COX, a minor child.<br><br>v.<br><br>**Defendants**: ROWE AND HAMILTON, LLC and TIMOTHY ARTHUR ROWE. | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>James S. Helfrich #22626<br>Jordan Factor #38126<br>Allen & Vellone, P.C.<br>1600 Stout Street, Suite 1100<br>Denver, CO  80202<br>303-534-4499  (phone)<br>303-893-8332  (fax)<br>jhelfrich@allen-vellone.com<br>jfactor@allen-vellone.com | Civil Action No.<br><br>2013CV_____<br><br>Courtroom: __ |
| **COMPLAINT WITH JURY DEMAND** ||

Plaintiffs by their undersigned counsel state the following for their complaint in this action:

### PARTIES

1. Plaintiffs Amanda and Jeremy Cox (the "Coxes") are residents of Colorado.

2. Defendant Rowe and Hamilton, LLC (the "Law Firm"), is a limited liability company and law firm with its principal place of business at 22 E. Washington St., Suite 600, Indianapolis, IN 46204.

3. Defendant Timothy Arthur Rowe ("Rowe") is a resident of the state of Indiana and a lawyer licensed in the state of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all causes of action asserted in this Complaint as the claims arise pursuant to Colorado law and relate to legal services provided by Defendants for Colorado citizens adopting a child into their Colorado home.

5. Venue is appropriate under C.R.C.P. 98(c)(1) in the county designated in the complaint where nonresident defendants are not found in the state.

## GENERAL ALLEGATIONS

6. In 2012 and 2013, Defendants acted as counsel for Plaintiffs Amanda and Jeremy Cox in connection with providing legal services to them for the adoption of a child from Haiti.

7. Defendants agreed to act as Plaintiffs' attorneys and to provide legal services to them in connection with the adoption of a child from Haiti.

8. Defendants' representation of Plaintiffs fell below the standard of care applicable to attorneys handling similar matters.

9. Moreover, in connection with their representation of Plaintiffs, Defendants made various material misstatements to the Plaintiffs. Specifically Defendants represented that they were capable of effectuating the adoption. Such statement was made negligently, because Defendants were not licensed to practice law in Colorado and were not a licensed adoption agency.

10. Additionally, Defendants negligently failed to obtain informed consent from Plaintiffs for actual conflicts of interest inherent in the representation. These conflicts of interest resulted in Defendants breaching their duty of loyalty to Plaintiffs, insofar as Defendants took actions diametrically opposed to Plaintiffs' interests.

11. Also, Defendants negligently filed, or negligently supervised persons filing, faulty papers in Haiti that were rejected by Haitian and/or U.S. authorities.

12. As a result of Defendants' negligence, Plaintiffs have been damaged.

## FIRST CLAIM FOR RELIEF
Negligence

13. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

14. Defendants were negligent.

15. Defendants' negligence was a cause of Plaintiffs' damages.

## SECOND CLAIM FOR RELIEF
Professional Negligence

16. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

17. Defendants acted as Plaintiffs' counsel in connection with their adoption.

18. Defendants were negligent.

19. Defendants' negligence was a cause of Plaintiffs' damages.

## THIRD CLAIM FOR RELIEF
Negligent Misrepresentation

20. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

21. Defendants gave false information to Plaintiffs in the course of Defendants' profession.

22. Defendants gave the information to Plaintiffs for the use of Plaintiffs in a business transaction.

23. Defendants were negligent in obtaining or communicating the information.

24. Defendant gave the information with the intent or knowing that Plaintiffs would act in reliance on the information.

25. Plaintiffs relied on the information supplied by Defendants; and

26. Plaintiffs' reliance on the information supplied by Defendants caused damage to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

A. Actual and consequential damages in an amount to be proven at trial;

B. Prejudgment and post-judgment statutory interest;

C. Costs, as well as reasonable expert fees and other litigation expenses;

D. Reasonable attorney's fees; and

E.  And, any other relief the Court and/or jury deem just.

PLAINTIFFS DEMAND A JURY TRIAL.

DATED:      October 16, 2013

Respectfully submitted,

ALLEN & VELLONE, P.C.

*/s/ James S. Helfrich*
James S. Helfrich # 22627
Jordan Factor # 38126

ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Address:

Amanda and Jeremy Cox
4568 Osceola Street
Denver, CO 80212

4

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br>1777 Sixth Street<br>Boulder, CO 80302<br>303-441-3750 | DATE FILED: October 16, 2013 4:38 PM<br>FILING ID: B33F97FA31AC2<br>CASE NUMBER: 2013CV31512 |
| Plaintiffs: AMANDA and JEREMY COX, individually and as parents of JACKSON COX, a minor child.<br><br>v.<br><br>Defendants: ROWE AND HAMILTON, LLC and TIMOTHY ARTHUR ROWE. | COURT USE ONLY<br>_____<br><br>Case No:<br><br>Div: |
| Attorneys for Plaintiff:<br>James S. Helfrich #22626<br>Jordan Factor #38126<br>Allen & Vellone, P.C.<br>1600 Stout Street, Suite 1100<br>Denver, CO  80202<br>303-534-4499  (phone)<br>303-893-8332  (fax)<br>jhelfrich@allen-vellone.com<br>jfactor@allen-vellone.com | |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

- The case is filed within the period of January 1, 2012 through December 31, 2013; *AND*

- The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

- The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

☑ This case is not governed by the Colorado Civil Access Pilot Project Rules.

*NOTE: **Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02** (available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm) The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3. **If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**

   This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☑ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐ The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

☑ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

        C.R.C.P. 16.1 applies to this case.

    ☑    C.R.C.P. 16.1 does not apply to this case.

**5.**    This party makes a **Jury Demand** at this time and pays the requisite fee.  *See* C.R.C.P. 38.  (Checking this box is optional.)

**DATED THIS** 16th day of October, 2013

    Respectfully submitted,
    ALLEN & VELLONE, P.C.

*Pursuant to C.R.C.P. 121, § 1-26(7), a printed copy of this Complaint with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

*/s/ James S. Helfrich*
James S. Helfrich # 22627
Jordan Factor # 38126

ATTORNEYS FOR PLAINTIFFS